UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

THOMAS MANUEL,

        Plaintiff,              Case No. 2:21-cv-169

v.                                      Honorable Paul L. Maloney

WENDY JAMROS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.    **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Corizon, Inc., and

the following KCF medical personnel:  Doctor T. Stallman, Nurse Practitioner Wendy Jamros, and Nurse Manager Wendy Ball.

Plaintiff alleges that in mid-2019, he suffered from pneumonia and developed chronic obstructive pulmonary disease (COPD) and was hospitalized.  Plaintiff asserts that bacteria from his continuous positive airway pressure (CPAP) machine caused his illness.  Although he cleaned his machine, he believes that the solution prison healthcare provided him did not adequately remove bacteria.  He fears becoming ill again from his CPAP machine.

Following his hospitalization, Plaintiff and his family allegedly found that the cleaning instructions provided by the manufacturer of his CPAP machine "described the proper way of cleaning the machine, and the proper solution." (Compl., ECF No. 1, PageID.4.)  Plaintiff subsequently filed a grievance.  According to the Step I grievance, which Plaintiff attaches to the complaint, Plaintiff requested "proper medical equipment so that he can properly clean his CPAP machine[.]" (ECF No. 1-1, PageID.11.)  In response, Defendant Ball wrote that Plaintiff should use "a damp cloth to dust off the CPAP . . . and any soap that is used to watch your face is appropriate to keep the supplies clean." (*Id.*, PageID.12.)

It is not at all clear that Plaintiff ever described to anyone what he believed was the "proper" cleaning solution.  Plaintiff does not specify in the body of the complaint what specific solution Defendants should purportedly provide him.  According to both the grievances and responses that he attaches to his complaint, he also failed to describe to Defendants what specifically they should have provided him. (*Id.*, PageID.14.)  Plaintiff attaches to the complaint the purported use and care instructions for a CPAP machine from his device's manufacturer, which direct to clean using "water and mild dishwashing detergent." (ECF No. 1-2, PageID.17.)

2

For relief, Plaintiff seeks compensatory and punitive damages.

II. **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

3

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III. **Eighth Amendment**

Plaintiff alleges that Defendants have violated rights provided to him under the Eighth Amendment of the United States Constitution.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane*

4

*Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).  Obviousness, however, is not strictly limited to what is detectable to the eye.  Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear.  *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize [the condition] to be serious," even though the condition was not visually obvious).  If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

       The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care.  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer,* 511 U.S. at 835.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude

5

that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842)).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154–55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x

6

62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

While the Court is sympathetic to Plaintiff's concerns, Plaintiff fails to allege facts sufficient to demonstrate that any Defendant provided him woefully inadequate treatment. Defendants responded to Plaintiff's grievances seeking to improve how he cleans his CPAP machine, and their responses identified two defects in his claims.

First, Defendants highlighted that although Plaintiff "claim[ed] that he ha[d] been inappropriately denied '. . . the proper medical equipment so that he can properly clean his CPAP machine[,]'" he "d[id] not provide further details . . . re[garding] what specific equipment he needs." (ECF No. 1-1, PageID.14.) Plaintiff had several opportunities to explain what specifically he wanted to clean his CPAP machine. In his Step I grievance, he stated that he wanted "assistance in gaining the proper equipment" to clean his machine, and he apparently attached the manufacturer's instructions. (*Id.*, PageID.11.) The instructions (ECF No. 1-2, PageID.17) do not indicate that any additional equipment would assist with cleaning the machine beyond a damp cloth. Plaintiff changed course in later stages of his grievance. In his Step II appeal, he speculated that cleaning with basic soap may leave a residue (ECF No. 1-1, PageID.13). In his Step III appeal, he abandoned his request for equipment and instead argued that he was trying to get "the proper

7

cleaning solution" for his machine. (*Id.*) However, Plaintiff's vague requests for "proper equipment" and "proper cleaning solution" cannot demonstrate that his medical needs were sufficiently obvious to Defendants to support an inference that Defendants ignored a substantial risk. *See Rhinehart*, 894 F.3d at 738

Second, Defendants explained to Plaintiff how to clean his CPAP machine. Notwithstanding Plaintiff's failure to provide details, Defendant Ball instructed him to use a damp cloth to dust off the CPAP machine and to use soap that is appropriate for washing one's face to clean the machine's parts. The manufacturer directs users to use a "damp cloth to clean the surfaces of the unit" and to "[w]ash the parts in a solution of warm water and mild dishwashing detergent." (ECF No. 1-2, PageID.17.) The differences are minimal between Defendant Bell's instructions and those provided by the manufacturer. To the extent Plaintiff seeks to exploit any distinction between soap and dishwashing detergent, his argument is undermined by a document he has attached to his complaint. Plaintiff attaches to his complaint a *Harvard Health Letter* article to explain the dangers posed by dirty CPAP machines. (ECF No. 1-3.) Yet, the article advises that to keep CPAP machines clean and safe, users should wash their machine's parts using "hot, soapy water every morning." (*Id.*, PageID.22.) This advice aligns with Defendant Ball's guidance. Consequently, Plaintiff cannot show that Defendants provided medical treatment so lacking as to shock the conscience. Plaintiff has alleged nothing more than a difference of opinion in his treatment. Such allegations fail to state an Eighth Amendment claim. *See Sanderfer*, 62 F.3d at 154–55.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide

whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court does not certify that an appeal would not be taken in good faith.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        A judgment consistent with this opinion will be entered.


Dated:   October 14, 2021                   /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge